IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| BRYAN LAWSON JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-051 |
| | ) | |
| WARDEN RALPH SHROPSHIRE; | ) | |
| DEPUTY WARDEN VERONICA | ) | |
| STEWART; WARDEN JERMAINE WHITE; | ) | |
| DEPUTY WARDEN MARCUS; | ) | |
| COMMISSIONER TYRONE OLIVER; | ) | |
| REGIONAL DIRECTOR BENJAMIN | ) | |
| FORD; and DEPUTY WARDEN C&T | ) | |
| TONJA KIETH, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Telfair State Prison in Helena, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

**I.   BACKGROUND**

Plaintiff submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983 and requested to proceed IFP. (See doc. nos. 1, 2.) Notably, in violation of Federal Rule of Civil Procedure 11 and Local Rule 11.1, which when read together require every paper presented for filing to be signed by Plaintiff, neither the complaint nor IFP motion bear

Plaintiff's signature.[1]  Rather, after identifying himself by name in the caption and body of the complaint, on the signature line of his filings, Plaintiff wrote, "Without Prejudice Georgia Slave No. 904,795."[2]  The Clerk of Court issued a deficiency notice and provided Plaintiff with copies of the necessary pages to affix his signature.  (See doc. no. 5-1.)  The notice explained failure to correct the deficiency could result in dismissal.  (See id.)  Plaintiff failed to respond to the Clerk's deficiency notice.

Moreover, a prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also

---

[1] Fed. R. Civ. P. 11(a) states:  "**Signature.**  Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name-or by a party personally if the party is unrepresented. . . .  The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."  Similarly, Local Rule 11.1 requires "[e]very pleading, motion or other paper presented for filing" to be signed pursuant to Fed. R. Civ. P. 11.  See www.gasd.uscourts.gov/court-info/local-rules-and-orders, follow link for Local Rules for Civil Cases and the Administration of the Court.

[2] The number 904795 appears to be Plaintiff's Department of Corrections identification number.  (See doc. no. 1, pp. 1, 28.)

Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

## II.    DISCUSSION

### A.    Dismissal Is Warranted Because Plaintiff Did Not Sign His Filings

According to Local Rule 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed IFP. Also, as explained above, Federal Rule of Civil Procedure 11 and Local Rule 11.1 require every paper presented for filing to bear Plaintiff's signature. Plaintiff did not affix his signature to his complaint or IFP motion. The Clerk of Court issued a notice explaining the deficiency in Plaintiff's filings, but he did not take any action to correct his papers.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an

"assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).

Plaintiff did not comply with the requirements for commencing a civil action by filing an unsigned complaint and unsigned motion to proceed IFP, and when given the opportunity to correct the deficiency, Plaintiff failed to respond to the Clerk's notice. "[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Here, Plaintiff's failure to comply with the filing requirements of the Federal Rules of Civil Procedure and the Local Rules, along with his failure to respond to the Clerk's deficiency notice, amounts not only to a failure to prosecute, but also an abandonment of his case. Thus, the case should be dismissed.

B. **Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)**

However, even assuming for the sake of argument that Plaintiff affixing his prisoner identification number could be construed as a valid signature, the case is due to be dismissed because a review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed and count as strikes: (1) Jones v. Brown, Civ. Act. No. 1:21cv00032 (N.D. Ga. Mar. 17, 2022) (dismissed as frivolous); (2) Jones v. Shuler, Civ. Act. No. 1:19cv02078 (N.D. Ga. July 17, 2019) (dismissed for failure to state claim); and (3) Jones v. DeKalb Cnty., Civ. Act. No. 1:18cv03874 (N.D. Ga. Sept. 5, 2019) (dismissed for failure to state a claim). Plaintiff also recently had two cases dismissed as malicious because he

4

abused the judicial process by providing dishonest information about his prior filing history.[3] See Jones v. Comm'r, Ga. Dep't of Corr., Civ. Act. No. 1:23cv00944 (N.D. Ga. July 7, 2023); Jones v. Davis, Civ. Act. No. 1:23cv01291 (N.D. Ga. May 26, 2023). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). See Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### C. Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). General or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Sutton v. Dist. Attorney's Office, 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (citing Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004)).

Plaintiff generally complains about lack of access to a prison law library and medical treatment, as well as denial of visitation, at Georgia Diagnostic and Classification State Prison, Valdosta State Prison, and Telfair State Prison. (See generally doc. no. 1.) Neither access to a law library or visitation are related to imminent danger of serious physical injury. To the extent Plaintiff alleges he "still has no C-PAP machine" and has not received epidural shots, he provides no details about his underlying medical condition(s) or diagnoses, let

---

[3]The Eleventh Circuit has approved imposing a strike under § 1915(g) for a dismissal based on providing dishonest information about prior filing history. Ingram v. Warden, 735 F. App'x 706, 707 (11th Cir. 2018) (*per curiam*).

alone provide any information about any type of other medical treatment he has received. (Doc. no. 1, pp. 13-14.)  At best, Plaintiff lists certain medical conditions he had when he entered the prison system and generally states he received "improper" or "ineffective" treatment.  (Id. at 5.)  Thus, although Plaintiff may prefer more advanced treatment, the record does not support a conclusion he has been denied all manner of medical treatment.  Rather, he complains that he has been deprived of a certain type of treatment and/or medical machinery which he believes he needs.  Thus, by his own admission, Plaintiff has not been denied all care and/or medication.  Cf. Brown, 387 F.3d at 1350 (recognizing exception satisfied where "total withdrawal of treatment for serious diseases, as a result of which [the plaintiff] suffers from severe ongoing complications," makes the plaintiff more susceptible to various illnesses and rapid health deterioration).

In sum, Plaintiff's general and conclusory allegations about his treatment at prisons throughout Georgia, some of which are not his current place of incarceration, do not satisfy the imminent danger exception.  See Odum v. Bryan Cnty. Judicial Circuit, No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent).  Thus, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### D.   The Complaint Should Also Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

The form on which Plaintiff submitted his claims requires that prisoner plaintiffs disclose whether they have filed other lawsuits in federal court while incarcerated in any institution.  (Doc. no. 1, pp. 2-3, 7-8.)  The prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the disposition of the

case(s). (Id. at 2-3, 7-8.) If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 2, 7.) One portion of the form also requires disclosure of any cases that were dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Id. at 3.)

Here, Plaintiff identified one prior case that was dismissed as malicious. (Id. at 3.) Plaintiff also stated he had filed other lawsuits while incarcerated, and he references the "complaint for full details." (Id. at 7.) At various places in the 38-page complaint, Plaintiff mentions at least seven other cases filed, but there is no mention of multiple cases having been dismissed as malicious or for failing to state a claim, let alone that he has incurred three strikes. (Id. at 2-3, 10-12.)

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary

confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012). Moreover, the practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

Here, as described in detail above, Plaintiff failed to truthfully disclose his prior filing history and provided blatantly dishonest answers to the questions on the complaint form. If, as Plaintiff maintains, his medical conditions continue to need treatment and the law library at his current place of incarceration are insufficient, he still has the opportunity to timely re-file his claims. To the extent Plaintiff alleges constitutional violations at Georgia Diagnostic and Classification Prison and/or Valdosta State Prison, those claims do not appear related to the claims at Telfair State Prison and would therefore belong in separate cases. Therefore, even if Plaintiff were permitted to proceed IFP, the case should be dismissed without prejudice as a sanction for the dishonesty.

### III.  CONCLUSION

In sum, Plaintiff failed to affix his signature to his complaint and IFP motion, and when given the chance to fix the deficiency, he failed to do so.  Also, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Furthermore, even if Plaintiff were allowed to proceed IFP, the case should be dismissed because he has abused the judicial process by providing dishonest information about his filing history.

Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 31st day of July, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA