IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2023 OCT -5 P 1: 49

CLERK _____
SO. DIST. OF GA.

BRYAN LAWSON JONES,          *
                            *
        Plaintiff,          *
                            *
    v.                      *      CV 323-051
                            *
WARDEN RALPH SHROPSHIRE, *et al.,* *
                            *
        Defendants.         *

_____

O R D E R

_____

On July 31, 2023, the United States Magistrate Judge entered a Report and Recommendation recommending the dismissal of the captioned matter under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). (Doc. No. 7, at 4-5 (citing 28 U.S.C. § 1915(g)).) The Magistrate Judge found Plaintiff was not in imminent danger from the named Defendants at the time of filing his complaint. (Id. at 5.) The Magistrate Judge also determined that Plaintiff had not timely complied with the requirement to sign his initial pleadings.[1] (Id. at 3-4.) Finally, the Magistrate Judge determined that Plaintiff failed to truthfully disclose his

_____

[1] Plaintiff instead signed the pleadings: "Without Prejudice Georgia Slave No. 904,795" – the number indicating his Georgia Department of Corrections identification number. Plaintiff was notified of this deficiency upon filing his complaint on July 10, 2023. He filed an objection to the requirement to sign his pleadings on September 20, 2023, stating that the requirement is unconstitutional, yet he nevertheless filed "signed" pleadings on this same day, signing only his initials "BJ".

prior filing history. (Id. at 6-7.) Any one of these grounds would warrant dismissal. On September 6, 2023, the Court adopted the Report and Recommendation and dismissed the case. (Order of Dismissal, Doc. No. 9.)

At present, Plaintiff has filed a motion to "rescind" a prior order – document number 6 – which is an order denying an earlier motion for a copy of his original complaint. (Doc. No. 11.) However, because Plaintiff alleges therein that he was unable to comply with a court order because of the prison's interference with his legal mail, and because he filed an objection to the Order of Dismissal on that same day that also indicates his "attempts to comply with the court order [have been] blocked by the prison," the Court concludes that Plaintiff's motion to "rescind" should have referenced the Order of Dismissal – docket number 9.

In essence, Plaintiff is seeking reconsideration of the dismissal of his case. "[N]o statute or Federal Rule of Criminal Procedure authorizes the filing of a motion for reconsideration in a criminal case." United States v. Vives, 546 F. App'x 902, 905 (11th Cir. 2013). Yet, the Eleventh Circuit has permitted the filing of motions for reconsideration in criminal cases. United States v. Phillips, 597 F.3d 1190, 1199-1200 (11th Cir. 2010). In deciding motions for reconsideration in criminal cases, courts use the standards applicable to such motions filed in civil cases under Federal Rule of Civil Procedure 59. "The only grounds for granting

2

a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted).

Here, Plaintiff appears to argue that he attempted to comply with the court directive to sign his pleadings but that the prison hindered his efforts. The problem for Plaintiff is that the failure to comply with the signature requirement is not the sole ground for the dismissal. Plaintiff fails to address his bar to *in forma pauperis* status based upon his three-strike status. Indeed, while Plaintiff may be new to this district, he has filed at least ten lawsuits in the Middle and Northern Districts of Georgia, the most recent of which have been dismissed either because Plaintiff has failed to disclose his filing history or has accumulated three strikes. See, e.g., Jones v. Marcus, Case No. 7:23-CV-16 (M.D. Ga. Jan. 30, 2023) (dismissed on May 22, 2023); Jones v. Commissioner, Ga. Dep't of Corr., Case No. 1:23-CV-944 (N.D. Ga. Mar. 3, 2023) (dismissed on July 7, 2023).

Plaintiff has not presented any new evidence or demonstrated an error of law or fact which would warrant vacating the Order of Dismissal. Most importantly, he has not shown that he is in imminent danger so as to avoid dismissal based upon the three strikes provision. To the extent that Plaintiff suggests that the prison is unconstitutionally interfering with access to the court, he must file a new lawsuit. Plaintiff, however, will not be able

3

to proceed *in forma pauperis* because interference with court access does not present an imminent danger to Plaintiff.

Because Plaintiff has not established any reason to disturb the Order of Dismissal on September 6, 2023, his motion to rescind the Order (doc. no. 11) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this _____ day of October, 2023.

_____
UNITED STATES DISTRICT JUDGE

4